**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS SYSTEM COUNCIL U–4, a labor organization, Plaintiff,**

v.

**FLORIDA POWER AND LIGHT COMPANY, a Florida corporation, Defendant.**

**No. 87–1453–CIV.**

United States District Court, S.D. Florida.

Sept. 4, 1987.

---

398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

Robert A. Sugarman, Miami, Fla., for plaintiff.

James S. Bramnick, Miami, Fla., for defendant.

## PRELIMINARY INJUNCTION

KEHOE, District Judge.

This cause came before the Court for hearing on September 3, 1987 and for oral argument on September 4, 1987, on Plaintiff's Motion for Temporary Restraining Order. At the hearing, both parties were represented by counsel and offered testimony and documents into evidence. Because this matter was decided after a hearing on the merits at which testimony and evidence were presented, it shall be treated as an application for the preliminary injunctive relief requested in Plaintiff's Complaint.

The parties have stipulated to the exhibits to be considered by the Court; i.e. the collective bargaining agreement between the parties (attached to the Complaint as Exhibit A), the eight exhibits (Exhibits B through I) attached to the Affidavit of Charles A. Holliday, and Defendant's Exhibits 1 through 6 received at the hearing. The Court adopts these stipulations, together with the stipulations entered into by the parties at the hearing, as its findings of fact.

■ As a matter of law, the Court concludes that the Plaintiff has established the four criteria for preliminary injunctive relief. See *West Point Pepperell, Inc. v. Donovan*, 689 F.2d 950 (11th Cir.1982).

The Court is issuing this injunction, which preserves the status quo ante for sixty days pending arbitration, to protect the integrity of the arbitration process in which the parties are currently engaged and to prevent irreparable harm to the arbitration process. *Lever Brothers Co. v. International Chemical Workers Union, Local 217*, 554 F.2d 115 (4th Cir.1976); see also *Boys Markets, Inc. v. Retail Clerks*,

■ In determining the criterion of "likelihood of success on the merits", the Court is not required to determine the propriety of either the Plaintiff's grievance or the Defendant's random drug test program, and the Court specifically declines to do so here because these matters are exclusively within the province of the arbitrator. In cases of this type, the Court only must find, and does find herein, that the position to be espoused in arbitration is not frivolous and is sufficiently sound to prevent the arbitration from being a futile endeavor. *Aluminum Workers International Union v. Consolidated Aluminum Corp.*, 696 F.2d 437 (6th Cir.1982); *Local Lodge No. 1266 v. Panoramic Corp.*, 668 F.2d 276 (7th Cir.1981).

The Court also holds that the harm to the parties' agreed-upon and long established arbitration process which would result if this preliminary relief did not issue outweighs any harm which may result to Defendant from the 60 day delay in the implementation of the Defendant's random drug test program provided by this order.

Also, the public interest in the prompt and peaceful resolution of labor disputes through arbitration is served by this preliminary injunction. Cf. *Steelworkers Trilogy*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

As required by the Norris–LaGuardia Act, 29 U.S.C. sec. 102 et seq., which governs the issuance of injunctions in cases involving labor disputes, the Court also finds that Plaintiff has no adequate remedy at law. See 29 U.S.C. sec. 107(d). Since Plaintiff is not seeking protection of property rights in this cause, the requirement of 29 U.S.C. sec. 107(e) (concerning a finding "that the public officers charged with the duty to protect complaintant's property are unable or unwilling to furnish adequate protection") does not apply.

Based upon the above findings of facts and conclusions of law, the Court issues the following preliminary injunction.

## ORDER

The Defendant Florida Power and Light Company is hereby preliminarily enjoined from performing random drug testing or screening of employees represented by the Plaintiff International Brotherhood of Electrical Workers System Council U–4 or requiring said employees to submit to such tests or screening.

The parties are also mandatorily enjoined to proceed with the pending arbitration so that an arbitration award can be rendered within sixty days of the date of this Order.

This injunction shall remain in effect for sixty days from the date hereof. However, if the arbitration award in the pending arbitration case concerning said random drug testing is rendered during said sixty days, this injunction shall expire upon rendition of the award.

As required by Rule 65(c) *F.R.Civ.P.*, and 29 U.S.C. sec. 107, Plaintiff shall post a bond in the sum of $5,000.00.